UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
                                                    )
**James E. Benson,**                                )
                                                    )
          **Plaintiff,**                  )
                                                    )  04 Civ. 8358 (CM) (LMS)
  -against-                                        )
                                                    )  **REPORT AND**
                                                    )  **RECOMMENDATION**
**Michael J. Astrue, Commissioner of**              )
**Social Security**                                 )
                                                    )
          **Defendant.**                  )
─────────────────────────────────────)

**TO:   THE HONORABLE COLLEEN MCMAHON**
        **UNITED STATES DISTRICT JUDGE**

      Plaintiff, James E. Benson ("Plaintiff"), brought this action pursuant to 42 U.S.C. § 405(g) against the Commissioner of Social Security ("Defendant"), seeking review of the Commissioner's denial of social security benefits. After Your Honor endorsed a stipulation by the parties to have the case remanded to the Commissioner of Social Security, a hearing was held before an administrative law judge ("ALJ"), and Plaintiff received an award of past-due benefits of over $80,000.00 for the period from September 22, 2000, through the present. On March 4, 2008, Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). For the reasons set forth below, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's counsel, Carol S. Goldstein ("Ms. Goldstein"), should be awarded attorney's fees in the amount of $8,000.00 pursuant to 42 U.S.C. § 406(b).

**I.     BACKGROUND**

Plaintiff filed the instant action on October 25, 2004.  Docket entry 2.  The case was originally assigned to the Honorable Richard J. Holwell, but was transmitted to the White Plains Courthouse and reassigned to Your Honor on December 17, 2004.  Docket entry 6.  Your Honor referred the matter to the undersigned on January 6, 2005.  Docket entry 7.  After receiving several extensions of time to answer, Defendant answered the Complaint on June 28, 2005.  Docket entry 10.  Without any additional activity in the case, Plaintiff and Defendant signed a stipulation to remand the action to the Commissioner of Social Security on April 24, 2007.  Your Honor endorsed the stipulation and directed the Clerk to enter judgment.  Docket entry 12-13.

Pursuant to the stipulation, the case was remanded to the Appeals Council and thereafter to the Office of Disability Adjudication and Review for a hearing before an ALJ.  Affirmation of Carol S. Goldstein at ¶ 4.  On January 14, 2008, a hearing was held before ALJ Neil R. Ross.  Id. at ¶ 5.  The ALJ rendered a decision on January 22, 2008, finding Plaintiff disabled as of September 22, 2000, and awarding past-due benefits of over $80,000.00 for the time period from September 22, 2000, to the present.  Id. at ¶¶ 5-6.  Of the approximately $80,000.00, the Social Security Administration withheld 25 percent so that Plaintiff's counsel could petition for attorney's fees under 42 U.S.C. § 406(a) and (b).  Defendant's Letter in Opposition at page 1.

On May 3, 2007, Plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA").  Docket entries 14-16.  Your Honor referred the motion for attorney's fees to the undersigned on May 11, 2007.  Docket entry 17.  On June 5, 2007, the parties stipulated that Defendant would pay Ms. Goldstein $1,696.75 under the EAJA.  Docket entry 19.  Ms. Goldstein states that, as of the date of filing the instant motion, she has not received such

fees. Affirmation of Carol S. Goldstein at ¶ 10. On March 4, 2008, Plaintiff's counsel filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Docket entry 20. Your Honor referred the motion to the undersigned on March 13, 2008. Docket entry 21. Defendant objected to Plaintiff's motion by letter ("Defendant's Letter in Opposition"), and Plaintiff submitted a reply by letter ("Plaintiff's Reply Letter"). Thus, Defendant's objection and Plaintiff's reply were not docketed, but will be sent to the Clerk's Office for docketing with this Report and Recommendation.

## II.  DISCUSSION

Plaintiff now moves for attorney's fees pursuant to 42 U.S.C. § 406(b). Ms. Goldstein seeks $15,000.00, which she states is less than the amount her client agreed to pay pursuant to a contingency fee agreement. Plaintiff's Reply Letter at pages 1-2. According to Ms. Goldstein, the contingency fee agreement provides that she is entitled to 25 percent of the amount of past-due benefits awarded, which amounts to approximately $20,000.00. Id.

There are several ways for attorneys who represent successful social security claimants to recover fees. See generally Gisbrecht v. Barnhart, 535 U.S. 789, 793-796 (2002). First, attorneys may seek fees under the EAJA, which allows attorneys to recover fees from the government if the agency's position was not "substantially justified" or under other special circumstances. Id. at 796; see 28 U.S.C. § 2412(d)(1)(A). Next, an attorney may seek fees for time spent representing the claimant at the administrative level under 42 U.S.C. § 406(a). Id. at 794. Finally, under 42 U.S.C. § 406(b), the court may award attorney's fees for the time counsel spent on behalf of a successful claimant in federal court, provided that the fees do not exceed 25 percent of the amount of past-due benefits awarded to the claimant. Id. at 794-795; 42 U.S.C. §

406(b).  Unlike fees awarded under the EAJA, fees awarded under § 406(a) and (b) are not shifted to the losing party–the Commissioner of Social Security.  Id. at 795-96.  Rather, the fees are paid out of the amount of past-due benefits recovered by the claimant.  Id.; see 42 U.S.C. § 406(b)(a)(A).  Although attorneys may seek awards under both § 406 and the EAJA, an attorney who recovers under both provisions must return the smaller award to the claimant.  Gisbrecht, 535 U.S. at 796.  Accordingly, because Ms. Goldstein has already been awarded fees in the amount of $1,696.75 under the EAJA, and the undersigned has recommended infra that she be awarded $8,000.00 under § 406(b), if Your Honor adopts this Report and Recommendation, Ms. Goldstein would be required to return the EAJA fees to Plaintiff if she has received the fees since them time she filed the instant motion.

    A.    **Contingency Fee Agreements**

In Gisbrecht v. Barnhart the Supreme Court addressed the question of whether § 406(b) displaced contingency fee arrangements between claimants and their attorneys for the purposes of attorney's fees awards.  Id. at 792-93.  Recognizing that the bulk of representation of social security claimants is done pursuant to contingency fee arrangements, the Supreme Court held that in crafting § 406(b), Congress did not intend to prohibit fee awards based on contingency fee arrangements, but rather meant to "call[] for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  Id. at 807.  The Supreme Court also noted that under § 406(b), Congress provided only one boundary for such review–that agreements be deemed unenforceable if they provide for fees in excess of 25 percent of the past-due benefits recovered.  Id.  Thus, the Supreme Court concluded that "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that

the fee sought is reasonable for the services rendered." Id.

In order to determine whether the attorney has met his or her burden, the Supreme Court pointed to three factors that courts should consider: (1) whether the fee requested is in line with the "character of the representation and the results the representative achieved[;]" (2) whether the attorney caused any unreasonable delay in order to increase the accumulation of benefits due and therefore increase the amount of his or her fee; and (3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," thereby resulting in a windfall to the attorney. Id. at 808. The Supreme Court concluded that in such instances, a downward adjustment of the requested amount is warranted. Id.

Similarly, prior to Gisbrecht, the Second Circuit examined the relationship between contingency fee arrangements in social security cases and fee awards under § 406(b). Wells v. Sullivan, 99 F.2d 367 (2d Cir. 1990). In Wells, the Second Circuit noted that contingency fee arrangements "effectuate [C]ongress's objective of securing adequate representation for social security claimants" and instructed that when district courts determine a "reasonable" fee under § 406(b), they should take into consideration the risk of nonpayment that attorneys undertake when they agree to represent claimants under such agreements. Id. at 370-71. However, the Second Circuit held that courts should not find contingency fee arrangements per se reasonable under § 406(b) in all social security cases; rather, the Second Circuit instructed that "where there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Id. at 371. The Second Circuit went on to instruct that district courts should

"give due deference to the intent of the parties, but [should not] blindly approve every fee request made pursuant to a contingent agreement." Id. at 372.  Specifically, the Second Circuit stated that district courts should consider whether "there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney."  Id.

### B. Windfall

Although the Commissioner may not routinely oppose requested fees based on contingency agreements, see id., the Commissioner has chosen to do so in this case.  See Defendant's Letter in Opposition at page 1.  Defendant does not argue that there has been fraud or overreaching in the contingency fee agreement, nor does Defendant argue that counsel has unreasonably delayed the proceedings in order to increase her fees.  See Defendant's Letter in Opposition at page 2.  Rather, Defendant argues that the fee requested is not commensurate to the amount of time Ms. Goldstein spent on this case in federal court.  Id.  Defendant points out that should $15,000.00, be awarded to Ms. Goldstein as requested, she would receive a windfall of approximately $1,612.90 per hour.  Id.  Although Ms. Goldstein submitted a revised record of the number of hours she spent representing Plaintiff in federal court with her reply papers, which indicates that she spent a total of 14.5 hours, her requested fee award of $15,000.00 would still amount to $1,034.48 per hour.  See generally Plaintiff's Letter in Reply.

Neither the Supreme Court nor the Second Circuit have addressed the criteria for determining when an award that is within the 25 percent boundary would result in a windfall to the claimant's attorney.  However, courts in this circuit have recognized several factors relevant to the consideration ("the windfall factors").  Rowell v. Astrue, No. 05-CV-1592(CBA)(JMA), 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008).  They are:

> (1) whether the attorney's efforts were particularly successful for the plaintiff, (2)

> whether there is evidence of effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, (3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

Id. (quoting Trupia v. Astrue, No. 05-CV-6085, 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008)). Courts in this circuit have also taken into consideration the length of time that counsel has represented the claimant, including time spent representing the claimant at the administrative level, in determining the reasonableness of the fee request. Id. at *3.

The court in Rowell concluded that the windfall factors weighed in favor of granting the full amount of attorney's fees requested. Id. at *4. The court pointed out that the plaintiff's attorney had represented the plaintiff for fourteen years through multiple proceedings. Id. Additionally, the court noted that counsel had "submitted non-boilerplate comments to the Appeals Council, and successfully attained benefits for [the] plaintiff through counsel's plentiful experience with Social Security disability cases . . . ." Id. Similarly, the court in Joslyn v. Barnhart, 389 F. Supp. 2d 454 (W.D.N.Y. 2005), applied the windfall factors and concluded that counsel's request would not constitute a windfall. Id. at 456. The court pointed out that counsel was successful in representing a claimant who had been wrongly denied benefits for seventeen years, "utilized his skills in an effort to present the strongest arguments possible in support of [the] plaintiff's claim[,] . . . submitted a thorough memorandum of law to the Court on the plaintiff's behalf which alleged bias on the part of the original administrative law judge[,]" and compiled "data concerning the outcome of various administrative decisions in an attempt to establish the alleged bias." Id. at 457. The court also pointed out that the counsel's "skill and expertise in handling social security cases resulted in the efficient handling" of the case. Id.

In contrast to Rowell and Joslyn, the court in Benton v. Commissioner of Social Security, No. 03 CV 3154(ARR), 2007 WL 2027320 (E.D.N.Y. May 17, 2007), held that an award of

7

$44,694.75, which amounted to an hourly rate of $1,334.17, requested by the plaintiff's counsel would result in a windfall to the attorney and was therefore unreasonable. <u>Id.</u> at *3.  Although the court noted that counsel's performance in representing the plaintiff for over six years of litigation, including one appeal to the Appeals Council, one federal court appeal, and one hearing before an ALJ, was "commendable;" that counsel had not relied on any boilerplate papers but had instead "filed pleadings that effectively distilled a complex and extensive administrative record[;]" and that counsel had helped the plaintiff obtain a substantial award of back benefits, the court concluded that counsel had failed to provide any precedent for "the size of the award and the hourly equivalent rate sought . . . ." <u>Id.</u> at *2-3.

   Applying the windfall factors to the facts of this case, I conclude, and respectfully recommend that Your Honor should conclude, that the $15,000.00 requested by Ms. Goldstein as compensation for the 14.5 hours she spent on the matter in federal court would be a windfall to her and is therefore unreasonable.  As an initial matter, although Plaintiff succeeded on remand before the ALJ, recovering a sizeable award of past-due benefits, the Court notes that Plaintiff obtained substantially less than he sought to obtain–the Complaint alleges that Plaintiff sought disability and disability insurance benefits from October 3, 1995, yet Plaintiff only recovered such benefits from September 22, 2000.  <u>See</u> Complaint at ¶ 5; Affirmation of Carol S. Goldstein at ¶¶ 5-6. Additionally, Plaintiff filed a mere one and one-half page, eleven-paragraph, boilerplate Complaint in this matter, and therefore one can conclude that Ms. Goldstein did not spend time, as counsel in <u>Benson</u> did, distilling a complex administrative record in order to prepare the Complaint.  <u>See</u> <u>generally</u> Complaint.  Additionally, neither Plaintiff nor the Commissioner made a motion for summary judgment in this action, so Ms. Goldstein did not spend time advancing the strongest arguments possible to this Court, as counsel in <u>Joslyn</u> did.  The only motions filed in this case are Plaintiff's motion for attorney's fees under the EAJA and

8

the instant motion, and the submissions by Plaintiff on the instant motion are far from "commendable." Specifically, Plaintiff's motion does not attach exhibits showing the ALJ's decision after remand, the contingency fee agreement, or an affidavit by Plaintiff indicating that he deems counsel's request to be reasonable, similar to exhibits that have been submitted by counsel in other cases. See Rowell, 2008 WL 2901602, at *2; Ellick v. Barnhart, 445 F. Supp. 2d 1166, 1167 (C.D. Ca. 2006); Maier v. Apfel, No. 95 Civ. 9264(JGK), 1998 WL 401536, *2 (S.D.N.Y. July 17, 1998). Additionally, Ms. Goldstein admitted that the only exhibit other than her affirmation attached to the instant motion–the record of the time she spent representing Plaintiff–erroneously included time she spent representing Plaintiff at the administrative level, requiring Plaintiff's counsel to submit a "corrected statement." See Plaintiff's Reply Letter at page 2.

Furthermore, although the undersigned credits counsel's experience and expertise in social security matters, I note that Plaintiff's counsel has not put forth any evidence indicating that this experience and expertise helped her to efficiently handle Plaintiff's case. Indeed, Plaintiff's counsel failed to submit any information from which the Court could assess counsel's performance at the administrative level after remand, and it is unclear from the record whether Ms. Goldstein represented Plaintiff at the administrative level prior to Plaintiff's appeal to federal court. Finally, aside from stating that "attorneys in the area usually charge approximately $350.00 to $500.00 per hour for work on civil matters" and that it "is [her] understanding that matrimonial lawyers in the New York City area bill at the rate of $600.00 to $1,000.00 per hour," see Affirmation of Carol S. Goldstein at ¶ 8; Plaintiff's Reply Letter at page 2, Ms. Goldstein has not put forth any precedent for the size of the award she seeks. Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that the amount requested by Ms. Goldstein is not commensurate to the service she provided Plaintiff before this

9

Court and would be a windfall to her. Therefore I conclude, and respectfully recommend that Your Honor should conclude, that Ms. Goldstein has not carried her burden in demonstrating to the Court that the amount requested is reasonable.

### C. **Downward Adjustment**

In <u>Wells</u>, the Second Circuit stated that the lodestar method traditionally used in attorney's fees determinations in fee-shifting cases, which is now called the "presumptively reasonable fee" in the Second Circuit,[1] is not an appropriate method for determining the reasonableness of an attorney's request where the plaintiff and his or her attorney have entered into a contingency fee agreement. <u>See</u> <u>Wells</u>, 907 F.2d at 371. However, neither the Supreme Court nor the Second Circuit have offered guidance to district courts on how to conduct a downward adjustment once a district court has concluded that one is warranted. Indeed, in <u>Ellick v. Barnhart</u>, a district court in California surveyed the then-forty-three post-<u>Gisbrecht</u> attorney's fees decisions and found a lack of uniformity and guidance among the district courts that had addressed the issue. <u>Ellick</u>, 445 F. Supp. 2d at 1168-72. The court pointed out that in the cases in which the court reduced the requested fee amount, courts generally awarded more than the attorney would have recovered under his or her standard hourly rates, but that "the manner in which the decisions reduce the fees [varied significantly]" from case to case. <u>Id.</u> at

---

[1] In the Second Circuit, the lodestar method is now called the "presumptively reasonable fee." <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 522 F.3d 182, 190 (2d Cir. 2008) ("The meaning of the term 'lodestar' has shifted over time, and its value as a metaphor has deteriorated to the point of unhelpfulness. This opinion abandons its use. . . . [W]e are now calling [the lodestar amount] the presumptively reasonable fee."); <u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 425 (2d Cir. 1997) (citing <u>Hensley</u>, 461 U.S. at 433). Under the presumptively reasonable fee approach, the number of hours reasonably expended on litigating the lawsuit is multiplied by a reasonable hourly rate. <u>Quaratino</u>, 166 F.3d at 424 n.1.

1171. The court noted that some courts reduced the fees to a de facto hourly rate of 2.5 times counsel's normal hourly rate, some reduced the fees based on amounts that the judge had previously found reasonable or had experienced in practice and as a judge, some made dramatic reductions without precise explanations of how the calculation was made, one excluded fees for paralegal work, and one excluded fees for past-due benefits recovered for the claimant's children. Id.  In Benton, discussed supra, the court reduced the requested amount from $44,694.75 to $15,000.00, without providing a detailed explanation as to how the court reached the final number.  Benton, 2007 WL 2027320, at *3.  However, the court did explain that such an award would amount to an hourly rate of $447.76, which the court concluded "would adequately compensate [plaintiff's counsel] for the time spent on [the] case before [the] court and the risks he accepted in undertaking representation of [the] plaintiff" and would "satisf[y] the underlying policy goal of enabling social security claimants to secure quality legal representation."  Id.

     Following the lead of the court in Benton, and in an effort to follow the Second Circuit's instruction not to use the presumptively reasonable fee analysis, I conclude, and respectfully recommend that Your Honor should conclude, that awarding counsel a lump sum, without engaging in any precise mathematical calculation, is the better course here.  Accordingly, I conclude, and respectfully recommend that Your Honor should conclude, that an award of $8,000.00 is sufficient to compensate Ms. Goldstein for the 14.5 hours she spent on this case before this Court and for the risks she accepted in undertaking the representation of Plaintiff.  I note that an $8,000.00 award amounts to an hourly rate of $551.72.  Although Ms. Goldstein states that she only accepts cases pursuant to contingency fee agreements and therefore does not have an hourly rate, see Plaintiff's Reply Letter at page 2, I also note that a rate of $551.72 is

11

more than 1.5 times the hourly rate I recently used to award plaintiff's counsel attorney's fees for his commendable work in a civil rights case.  See <u>Basile v. Spagnola</u>, 05 Civ. 10699 (LMS), Docket entry 106.  Thus, I conclude, and respectfully recommend that Your Honor should conclude, that an award of $8,000.00 will satisfy the underlying policy goal of ensuring that social security claimants will be able to secure adequate representation.

### III.   CONCLUSION

For the foregoing reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) be granted in the amount of $8,000.00.

### VI.   NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of thirteen (13) working days from the date hereof, to file written objections to this Report and Recommendation.  See Fed. R. Civ. P. 6(a).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Colleen McMahon, United States District Judge, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned at the White Plains Courthouse, 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge McMahon.

Dated: December __, 2008
       White Plains, New York

Requests for extensions of time to file objections must be made to Judge McMahon.

Dated: December 3, 2008
White Plains, New York

Respectfully submitted,

LISA MARGARET SMITH
United States Magistrate Judge

Copies of the foregoing Report and Recommendation have been sent to the following:

The Honorable Colleen McMahon, U.S.D.J.